956 F.2d 270
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
JUVENILE MALE, Defendant-Appellant.
 No. 91-5178.
 United States Court of Appeals, Sixth Circuit.
 March 5, 1992.
 
 Before RALPH B. GUY, Jr., ALAN E. NORRIS and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 W.P., a juvenile male, appeals the district court's adjudication of him as a juvenile delinquent and the imposition of a period of detention pursuant to the Juvenile Justice and Delinquency Prevention Act (the "Act"), 18 U.S.C. sections 5031-42. For the reasons set forth below, we will affirm.
 
 
 2
 W.P. is a native of the Virgin Islands who was born in 1973. In October, 1990, W.P. resided at the Earle C. Clements Job Corps Center in Kentucky, which is located on land owned by the federal government. On October 15, 1990, W.P. participated in an attack on several other youths, including T.P., at the Center. Specifically, the testimony at trial demonstrated that W.P. used a homemade knife to stab T.P. three times in the side. T.P.'s lung was punctured and he had to be hospitalized.
 
 
 3
 After an investigation of the incident, the United States elected to proceed against W.P. as a juvenile and filed a three-count information charging W.P. with attempted murder and two counts of assault. The original information was filed on November 26, 1990, and the defendant was scheduled to be arraigned that day. At the arraignment, defendant's counsel objected to the government's proceeding against the defendant since the government had not yet filed the juvenile's records with the court as required by section 5032 of the Act. The court permitted the government to withdraw the information, setting a deadline date of December 4, 1990, for it to be refiled, accompanied by any necessary supporting materials. The government withdrew the information, then refiled it on November 30, 1990. On December 4, 1990, the government filed the defendant's juvenile records. At his arraignment on December 10, 1990, W.P. formally elected to proceed as a juvenile.
 
 
 4
 The trial began on December 10 and concluded on December 11, 1990. At the close of the evidence, the court dismissed count 1 (attempted murder) and adjudicated the defendant delinquent on counts 2 and 3. At the disposition hearing (akin to sentencing), the district judge ordered that the defendant be detained for a period of 24 months.
 
 
 5
 Defendant filed a timely notice of appeal and now asserts that (1) the district judge erred in denying his motion to dismiss the amended information, and (2) the district judge did not consider the defendant's prospects for rehabilitation when he ordered the period of detention.
 
 
 6
 Defendant first argues that the amended information should have been dismissed because the government failed to file the defendant's juvenile records prior to filing the amended information as required by 18 U.S.C. section 5032. Under the circumstances presented in this case, we disagree. The district court permitted the government to withdraw the original information because the juvenile records had not as yet been filed. In so doing, the district court allowed the government to refile an information against the defendant so long as it did so on or before December 4, 1990. All of the required documents--both the juvenile records and the amended information--were in fact filed on or before December 4, 1990. The arraignment and trial began a week later, and defendant has not demonstrated any prejudice that resulted from the government's oversight. In light of the district court's order and the circumstances demonstrating that the filing of the juvenile records before the filing of the information was inadvertent, we hold that the district court was not deprived of jurisdiction to proceed against the defendant.
 
 
 7
 Defendant also argues that in making the disposition of detention, the district court failed to consider the defendant's prospects for rehabilitation. This contention is without merit. A review of the transcript of the disposition hearing indicates that the district judge fully considered all the appropriate factors in arriving at his decision ordering 24 months of detention. In addition to discussing punishment, the judge remarked about the violent nature of the offense and the defendant's prior brushes with the law. The judge also emphasized the need for defendant to be separated from the community in order to "gain some control over his actions," and expressed his hope that this period of separation would help the defendant to mature, gain control, and avoid further violent behavior.
 
 
 8
 Accordingly, the judgment of the district court is hereby AFFIRMED.